IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEREMY LEE COLLINS**

           **Plaintiff,**

      v.                                      **CASE NO. 17-3050-SAC**

**ALEX BEBB, et al.,**

           **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Washington County Jail in Washington, Kansas.[1] Pursuant to plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, the court directed an initial partial filing fee of $1.00. (Doc. 6). Based on plaintiff's failure to pay this assessed fee, the court entered an order and judgment on April 18, 2017, dismissing the case without prejudice pursuant to Fed. R. Civ. P. 41(b). (Docs. 7 & 8).

This matter is before the court on plaintiff's motions for reconsideration of the order of dismissal (Docs. 10 and 12); motion to stay (Doc. 14); motion to withdraw motion to stay (Doc. 15); motion to appoint counsel (Doc. 16); and motion for leave to amend the complaint (Doc. 19).

     **I.**       **Motions for Reconsideration of Order of Dismissal (Docs. 10 and 12).**

In his motions for reconsideration, plaintiff contends that payment of the initial filing fee was delayed because he is an inmate of the Kansas Department of Corrections (KDOC), rather than the Washington County Jail where he was confined at the time and where the order directing payment from plaintiff's inmate account was sent. Washington County Jail officials eventually forwarded the order to KDOC, which on July 13, 2017, transmitted plaintiff's $1.00 initial partial filing fee to the court. To date, plaintiff has paid $17.90 of the $350.00 filing fee. For good cause shown, the court sustains plaintiff's motions for reconsideration and vacates the order and judgment dated April 18, 2017 (Docs. 7 and 8).

     **II.**      **Motion to Stay (Doc. 14) and Motion to Withdraw Motion to Stay (Doc. 15).**

---

[1] Plaintiff subsequently notified the court of his transfer to the Norton Correctional Facility in Norton, Kansas.

In his motion to stay, plaintiff asks the court to stay the action for 120 days to allow plaintiff to file a notice of claim under K.S.A. § 12-105b(d). In the motion to withdraw the motion to stay, plaintiff states that he filed the motion to stay because he did not know when he filed it that federal civil rights claims are not subject to the Kansas Tort Claims Act (K.S.A. § 12-105b(d)). For good cause shown, the court sustains plaintiff's motion to withdraw (Doc. 15) and dismisses plaintiff's motion to stay (Doc. 14).

### III.    Motion to Appoint Counsel (Doc. 16).

There is no constitutional right to appointment of counsel in a civil action. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). The court has considered the potential merit of plaintiff's claims along with other pertinent factors, and finds that appointment of counsel is not warranted at this time.

### IV.    Motion to Amend the Complaint (Doc 19).

Plaintiff seeks leave to file an amended complaint to clarify the issues in the suit, dismiss certain claims and defendants and add two additional defendants. Fed. R. Civ. P. 15 governs amendments to pleadings general. Under Fed. R. Civ. P. 15(a)(1)(B), a party may amend his pleading as a matter of course within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Because service in this case has not yet occurred, plaintiff is entitled to amend his pleading as a matter of course. Accordingly, the court grants plaintiff's motion and directs the Clerk to file plaintiff's proposed Amended Complaint and to dismiss defendants Howard Y. Chang, Roya Attari, Shannen M. Larsen, Joel Anderson, Mathew S. Sinnwell, Michelle R. Tunnell, Haley D. Brennanmen, Addison Pfannenstiel, Chad Day, and Kim M. Reed.[2]

### V.    Screening under 28 U.S.C. § 1915A.

---

[2] The court notes that "Exhibit A" as referenced in the amended complaint is missing from the record.

In the amended complaint, plaintiff alleges his constitutional rights were violated by Wichita police officers during an arrest that occurred while he attempted to obtain medical care at Via Christie Hospital St. Joseph, in Wichita, Kansas. The arrest resulted in felony charges against plaintiff for aggravated assault of a law enforcement officer and use of a deadly weapon.[3] In Count 1, plaintiff alleges that defendants Brian Goward, Alex Bebb, and Samuel Floyd violated his First Amendment right to petition to redress grievances. Specifically, plaintiff contends that these defendants, along with hospital personnel, falsified medical and legal documents including police reports, and lied in an attempt to "silence and sanction the plaintiff's first amendments [sic] rights" – to prevent plaintiff from taking legal action against them.  In Count 2, plaintiff alleges that defendants Goward, Bebb, and Floyd violated the Fourth Amendment right to be free from unlawful seizure and excessive use of force.  Specifically, plaintiff contends he was physically injured when these defendants used unreasonable force while detaining and "hogtying" plaintiff.  Plaintiff alleges that defendants Goward, Bebb, and Floyd beat and stabbed plaintiff while attempting to arrest him, and allowed hospital personnel to injure him by injecting plaintiff with a narcotic medicine without his consent or approval. In Count 3, plaintiff alleges that defendants Goward, Bebb, and Floyd violated his Fifth and Fourteenth Amendment due process right "to be free from unjustified and excessive force".  Specifically, plaintiff contends that defendants denied plaintiff access to medical treatment, failed to gather appropriate witness statements, subjected plaintiff to unsafe conditions which could have resulted in further injury, denied plaintiff a phone call, and refused to provide plaintiff with a ride to another hospital.  In Count 4, plaintiff alleges that defendants Goward, Bebb, and Floyd violated the Eighth Amendment prohibition against cruel and unusual punishment by hogtying plaintiff, placing him in a "spitmask", and beating and stabbing him. Plaintiff alleges that defendant John Doe, the Wichita Police Chief, violated the Eighth Amendment by authorizing objectively unreasonable customs and practices which resulted in the misconduct by defendants Goward, Bebb, and Floyd. Plaintiff also brings supplemental state law claims for false arrest and imprisonment, assault and

---

[3] Sedgwick County District Court Case No. 2015-CR-002717-FE.

battery, abuse of process, negligence, and gross negligence. As relief, plaintiff seeks $75,000 in compensatory damages and $1.5 million dollars in punitive damages.

The court is required by statute to screen the amended complaint and to dismiss the amended complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accepting plaintiff's allegations as true and viewing them in the light most favorable to plaintiff, as the court must do at this initial review, *Bell v. Atantic Corp. v. Twombly,* 550 U.S. 544, 544 (2007), the court finds a response from the four named defendants is warranted.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's motions for reconsideration (Docs. 10 and 12) are granted and the court's order (Doc. 7) and judgment (Doc. 8) of April 18, 2017, are vacated.

**IT IS FURTHER ORDERED** that plaintiff's motion to withdraw (Doc. 15) is granted, motion to stay (Doc. 14) is dismissed, and motion to appoint counsel (Doc. 16) is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend the complaint (Doc. 19) is granted and the clerk is directed to file the proposed amended complaint.

**IT IS FURTHER ORDERED** that the clerk's office issue waiver of service of summons forms, Fed. R. Civ. P. 4(d), to each defendant at no cost to plaintiff absent a showing that plaintiff is able to pay the cost for such service.

**IT IS SO ORDERED.**

Dated this 15th day of November, 2017, at Topeka, Kansas.

                                        **s/Sam A. Crow**
                                        **U. S. Senior District Judge**