### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**JEREMY LEE COLLINS,**

      **Plaintiff,**

      v.                                       **CASE NO. 17-3050-SAC**

**ALEX BEBB, et al.,**

      **Defendants.**

### ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. This matter is before the Court on Plaintiff's Motion to Amend (Doc. 26). Plaintiff seeks to file his Second Amended Complaint, which identifies Defendant John Doe as Nelson Mosley, Wichita Police Chief. Plaintiff's Second Amended Complaint appears to be substantially the same as his First Amended Complaint in all other respects. The Court will grant the Motion to Amend.

The Court previously ordered waiver of service forms to be issued to Defendants Alex Bebb, Samual Floyd and Brian Goward. (Doc. 24.) Counsel entered an appearance for Defendants Floyd and Goward. (Doc. 32.) Waiver of service for Defendant Bebb was returned unexecuted with a notation that he was no longer with the Wichita Police Department. (Doc. 31.) In order to secure service on Defendant Bebb, the Court directs counsel for Defendants to submit under seal any current or last known address information for Defendant Bebb to the clerk of court by March 16, 2018. The Court also directs the Clerk to send a waiver of service of summons form to newly identified Defendant Nelson Mosley. In light of the Court's order regarding service, Plaintiff's motions regarding service (Docs. 27, 36) are denied as moot.

1

Plaintiff has requested appointment of counsel in this case (Doc. 28). Plaintiff states that he will need counsel appointed because he is indigent, his incarceration will limit his ability to litigate, the issues are complex, and the case will involve conflicting testimony. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice.

Plaintiff has filed a motion for extension of time (Doc. 37), seeking an extension of time to file a supporting memorandum for his response to Defendants' Answer. Because Plaintiff is not

required to file a response to Defendants' Answer, his motion is denied.  *See* Fed. R. Civ. P. 7 (replies to an answer are only allowed if ordered by the court).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff's Motion to Amend (Doc. 26) is **granted**.  The Clerk is directed to docket Plaintiff's Second Amended Complaint at Doc. 26–1.

**IT IS FURTHER ORDERED THAT** counsel for Defendants shall submit under seal the current or last known address information for Defendant Bebb to the clerk of court by **March 16, 2018.**

**IT IS FURTHER ORDERED THAT t**he clerk of court shall prepare a waiver of service form pursuant to Fed. R. Civ. P. 4(d), to be served upon Defendant Nelson Mosley at no cost to Plaintiff.

**IT IS FURTHER ORDERED THAT** Plaintiff's motions regarding service (Docs. 27, 36) are **denied as moot**.

**IT IS FURTHER ORDERED THAT** Plaintiff's motion to appoint counsel (Doc. 28) is **denied without prejudice.**

**IT IS FURTHER ORDERED THAT** Plaintiff's motion for extension of time (Doc. 37) is **denied.**

**IT IS SO ORDERED**.

**Dated on this 6th day of March, 2018, in Topeka, Kansas.**

s/ Sam A. Crow  
**SAM A. CROW**  
**U. S. Senior District Judge**
