IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEREMY LEE COLLINS,**            )
                                    )
          **Plaintiff,**      )
                                    )
v.                                  )
                                    ) Case No. 17-03050-CM-ADM
**ALEX BEBB, et al.,**              )
                                    )
          **Defendants.**     )
_____)

## MEMORANDUM AND ORDER

The matter comes before the court on plaintiff Jeremy Lee Collins's Motion for Preliminary Injunction. (Doc. 160.) Plaintiff asks the court to order defendants to submit filings on a more favorable timeline and to order Sedgwick County Detention Facility to allow plaintiff increased law library access and easier filing.

To obtain a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) the balance of equities favors the moving party; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004).

Plaintiff's request for relief is based on a *Lewis* argument that various filing difficulties and defendants' discovery practices are causing "actual injury" by frustrating his efforts to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996); *see also Simkins v. Bruce*, 406 F.3d 1239, 1243–44 (10th Cir. 2005). To make out a *Lewis* claim, a plaintiff must show that he was deprived of the ability to litigate an arguable and non-frivolous claim. *Simkins*, 406 F.3d at 1243–44.

Plaintiff combined the instant motion with a request to stay the above-captioned case based largely on the same arguments. (*See* Doc. 160, at 1 (requesting preliminary injunction and stay of proceedings).) Magistrate Judge Mitchell denied plaintiff's request for a stay because the record did not suggest that plaintiff lacked resources to pursue his claims, and "he does not tie any of these [alleged frustrations] to motions he was unable to file or to discovery requests he was unable to serve." (Doc. 196, at 3.) With this, the court agrees. The court further agrees with Judge Mitchell's assessment that "[plaintiff's] allegations that the [police] officers and prison officials are conspiring to hamper his discovery efforts are wholly unsupported." (*Id.*) Defendants' response illustrates their efforts to provide plaintiff with requested discovery (Doc. 170, at 2–3), and the record shows that plaintiff has substantial access to the court and opportunity for discovery. (*See, e.g.*, Doc. 199 (granting plaintiff's motion for service of subpoenas).)

Because plaintiff is engaged in ongoing meaningful participation in the above-captioned case, the court is not persuaded that plaintiff is likely to succeed on the merits in the contrary showing that he is being deprived of the ability to litigate an arguable claim. *See Simkins*, 406 F.3d at 1243–44. Showing no likelihood of success on the merits, plaintiff's motion for a preliminary injunction is denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for a preliminary injunction (Doc. 160) is denied.

Dated this 15th day of October, 2019, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**