## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JEREMY LEE COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-3050-CM-ADM |
| | ) | |
| ALEX BEBB, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the court on Plaintiff Jeremy Lee Collins' filing titled "Judicial Notice." (ECF No. 192.) The court construes this as a motion to take judicial notice because Mr. Collins seeks an order taking judicial notice of certain matters, including that the doctrines of res judicata and collateral estoppel bar the parties from relitigating facts and elements of any alleged crimes. Mr. Collins also asks the court to take judicial notice that FED. R. EVID. 403 and 404 preclude defendants from introducing potentially prejudicial evidence, character evidence, and evidence of crimes and acts, among other things. Defendants oppose the motion. For the reasons stated below, the motion is denied without prejudice.

FED. R. EVID. 201 permits the court to take judicial notice of adjudicative facts. Adjudicative facts are "simply the facts of the particular case." *United States v. Iverson*, 818 F.3d 1015, 1030 (10th Cir. 2016). The court may judicially notice a fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). In applying Rule 201, the court must be mindful that if it takes judicial notice of a fact whose application is in dispute, the court forecloses a party from disputing the matter through rebuttal evidence, cross-examination, or argument. *United States v. Boyd*, 289

F.3d 1254, 1258 (10th Cir. 2002) (quoting *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1083 (7th Cir. 1997)).

In this case, Mr. Collins' motion generally references matters concerning his prior state court criminal conviction for conduct overlapping some of the facts giving rise to this action. For example, Mr. Collins references that "the doctrines of res judicata and collateral estoppel will bar 'Defendants' and 'Plaintiff' from relitigating facts and elements of any alleged crimes [in the state court criminal case and the subsequent appeal]." (ECF No. 192, at 2.) Regarding those proceedings, Mr. Collins goes on to state that any fact "expressly admitted is 'conclusive' and established unless the court, on motion, permits the admission to be withdrawn or amended." (*Id.*) Mr. Collins does not explain with any specificity the adjudicative facts to which he requests the court take judicial notice. On this record, the undersigned cannot determine which, if any, of these matters are not subject to a reasonable dispute. Because the court cannot determine the specific adjudicative facts at issue, the court also cannot determine whether such facts are generally known within the trial court's territorial jurisdiction or whether they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. To the extent Mr. Collins argues that collateral estoppel or res judicata apply, his opening motion does not brief these issues, and so the court declines to engage in this analysis. *See also Donaldson v. United States Dep't of Treasury*, No. 17-1213-EFM-GEB, 2018 WL 1116675, at *2 (D. Kan. Mar. 1, 2018) ("Taking judicial notice of legal conclusions is not the proper use of this 'evidentiary mechanism.'").

Finally, Mr. Collins references Rules 403 and 404 and evidence concerning his past conduct and character. Issues concerning the admissibility of evidence are more appropriately raised on a motion in limine or through objections made during trial. These matters are not

adjudicative facts of which the court may take judicial notice. For these reasons, the court denies Mr. Collins motion, but it does so without prejudice in the event that Mr. Collins seeks to file a motion in limine asking the court to limit or preclude defendants from introducing certain matters into evidence, or in the event that Mr. Collins is able to file a more specific and narrowly tailored motion to take judicial notice that meets the legal standard set forth above.

**IT IS THEREFORE ORDERED** that the clerk's office is directed to correct the docket entry for Plaintiff Jeremy Lee Collins' filing titled "Judicial Notice" (ECF No. 192) to reflect that it is a "Motion to Take Judicial Notice."

**IT IS FURTHER ORDERED** that said "Motion to Take Judicial Notice" (ECF No. 192) is denied without prejudice.

**IT IS SO ORDERED.**

Dated November 14, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
